UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNEST CAMPBELL, | ) |
| Movant, | ) |
| v. | ) No. 4:06CV00013 ERW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Ernest Campbell's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On June 27, 2002, after entering enter a guilty plea, movant was sentenced 135 months' imprisonment followed by five years of supervised release for violation of 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, and marijuana). Movant did not file a notice of appeal.

**I. Motion to Vacate**

Movant alleges that his conviction and sentence are invalid under the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005) (application of federal Sentencing Guideline provisions mandating that district court impose sentence based on findings of additional facts determined by using preponderance of evidence standard violates Sixth Amendment), Blakely v. Washington, 542 U.S. 296 (2004) (state sentencing scheme permitting judge to enhance sentence based solely on facts found by the judge using preponderance of evidence standard violated Sixth Amendment), and Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (other than fact of prior

conviction, any fact that increases the penalty of a crime beyond a prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt).

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. At the latest, movant's one-year limitations period began to run on July 7, 2002, which was when his time for filing a notice of appeal expired. The

instant motion, however, was filed on January 4, 2006, well after the running of the one-year limitations period.

Movant seems to be arguing that his motion is timely under § 2255(3), because the Supreme Court's decisions in Booker, Blakely, and Apprendi each announced a new rule that is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his § 2255 motion.

Movant's argument is without merit. In Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005), the Eighth Circuit Court of Appeals held that the rule in Booker was a criminal procedural rule, not of watershed magnitude, and did not apply retroactively to cases on collateral review. Moreover, in Dodd v. United States, 125 S.Ct. 2478, 2482 (2005), the Supreme Court held that the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. Blakely was decided in 2004; however, the instant motion was not filed until January 4, 2006. Last, in United States v. Moss, 252 F.3d 993 (8th Cir. 2001), the Eighth Circuit held that Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) was not of watershed magnitude, and that the Supreme Court's holding in Teague barred the retroactive application of an Apprendi claim on collateral review.

Movant has not asserted any facts indicating that equitable tolling applies in this case. See Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999) (equitable tolling is proper when "extraordinary circumstances" beyond prisoner's control makes it impossible to file timely habeas action).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DENIED**, without prejudice, as time-barred.

An appropriate order will accompany this memorandum and order.

So Ordered this 17th Day of February, 2006.

*[signature: E. Richard Webber]*

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**